UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, )<br>  )<br>v. )<br>  )<br>VANDELL WOODS, )<br>Defendant. )<br>  ) | C.R. No. 23-0038-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

## I. BACKGROUND

On June 9, 2021, Mr. Woods appeared before a Judge of the United States District Court for the District of Massachusetts and plead guilty to one count of conspiracy to engage in racketeering activities in violation of 18 U.S.C. §1962(d). Pursuant to the plea agreement the government agreed to recommend a sentence of 87 months of incarceration to be followed by a term of supervised release of 36 months. At sentencing on October 14, 2021, Mr. Woods was sentenced to time served to be followed by 36 months of supervised release. His term of supervised release began that day and was transferred to the District of Rhode Island on December 14, 2022. On December 7, 2003, Mr. Woods petitioned this court for early termination of his supervised release with the aim of reducing the term by approximately ten months. He cites his compliance with the terms of his supervision as well as his mother's diagnosis of terminal cancer in support of his petition for early termination.

He argues that release would allow him to focus on rebuilding his life and supporting his family although he gives no specifics as to how continued supervision would impact those goals. The Government objects.

## II.   LEGAL STANDARD

After a defendant has served one year of ordered supervised release, a court may terminate the remaining period of supervision and discharge the defendant from supervision if, after examining the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(6), and (a)(7), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. §3583(e)(1).

## III.   DISCUSSION

The government argues that the defendant's compliance with the terms and conditions of his supervision is what is required and should not be a factor in this court's determination of the appropriateness of early termination of supervision. The statute directs the court to determine whether the reduction is "warranted by the conduct of the defendant" so the court will consider the defendant's conduct as one factor in its analysis. The government also argues that the First Circuit has not addressed the question of whether a defendant must show changed or extraordinary circumstances before it can terminate supervision.

What is clear is that the court must address the factors set forth in 18 U.S.C. §3553(a) and decide whether, after balancing the statutory factors, considering his

post release conduct, his proffered reason for termination, and the interest of justice, early termination is warranted. In this case the Court finds that it is not.

After reviewing the relevant statutory factors, the Court concludes that Mr. Woods' lengthy history of gang involvement as well as his prior involvement with dangerous criminal activity make continued supervision, for the short time left in this case, necessary to protect the public and appropriate punishment. The case that brought him before the court involved his participating in a gang related conspiracy whose activities included murder, assault, and robbery. His offense of conviction is serious, and the sentence must reflect that fact while also promoting respect for the law. Continued supervision will give Mr. Woods the support he needs to continue being successful. Finally, he has presented no reason that his continued participation in supervision would impact his goals of supporting his ailing mother while continuing to rebuild his life.

For these reasons the Defendant's Request for Termination of Probation (ECF No. 2) is DENIED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

January 8, 2024

3